IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH MAXWELL,<br><br>Defendant. | CV 10-114-BLG-SPW<br><br>ORDER |

On December 24, 2024, Joseph Maxwell motioned the Court for restoration of his firearm rights. (Doc. 23). In 2010, Maxwell pled guilty to a federal felony, charging him with knowingly and unlawfully conspiring and agreeing to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Docs. 2, 12). Maxwell was sentenced to 24 months of imprisonment to be followed by 5 years of supervised release. (Doc. 18). He served his sentence and was granted early termination of his supervised release after 32 months. (Doc. 22).

Under the Gun Control Act of 1968, the federal government bans possession of firearms by a convicted felon. 18 U.S.C. § 922(g)(1) (prohibits "any person . . . who has been convicted . . . of a crime punishable by imprisonment for a term exceeding one year . . . [from] possess[ing] . . . any firearm or ammunition.). A

person is not considered a convicted felon and may effectively restore their firearm rights if the conviction has been expunged, pardoned, or civil rights are restored.

Here, the district court does not have the authority restore firearm rights to Maxwell, a federally convicted felon. A district court may expunge a federal conviction in very limited circumstances provided by statute. *See, e.g.*, 18 U.S.C.A. § 3607. However, there is no applicable statute providing for Maxwell's expungement. Further, the district court does not have authority to pardon and finally, the district court does not have the authority to restore civil rights because there is no federal procedure for such restoration in this situation. *See Beecham v. United States*, 511 U.S. 368 (1994).

Under 18 U.S.C.A. § 925(c), a federally convicted felon may apply to the Attorney General for relief. Consequently, federal district courts may not review applications for the restoration of firearms privileges and thus, the Court may not grant Maxwell's request.

IT IS HEREBY ORDERED that Maxwell's Motion for Restoration of Firearms Rights (Doc. 23) is DENIED.

DATED this 21st day of January, 2025.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge